**Thomas Jon HEMPEL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 184S23.

Supreme Court of Indiana.

May 4, 1984.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged by Information with the crime of Murder, a Class A felony. Appellant waived trial by jury; therefore, the matter was submitted to the court for trial.

Counsel for the appellant advised the court that there was some question as to the appellant's mental capacity and filed a "Notice of Intent to Interpose Insanity Defense." Accordingly, the court appointed three doctors to examine the appellant as to his mental capacity and to make due report to the court. Following the report to the court, determination was made that the appellant could stand trial. After trial before the court, the court made its finding that the appellant was guilty.

Appellant now cites the following statute, IC § 35–36–2–3, which reads:

"In all cases in which the defense of insanity is interposed, the jury (or the court if tried by it) shall find whether the defendant is:

(1) Guilty;

(2) Not guilty:

(3) Not responsible by reason of insanity at the time of the crime; or

(4) Guilty but mentally ill at the time of the crime."

Appellant takes the position that upon the finding of guilty the trial judge should be required to further affirmatively state whether or not the appellant is mentally ill. Appellant cites no authority for this position and we are at a loss to see any reason for such an interpretation. The trial judge did, in fact, follow the statute by clearly finding the appellant guilty as provided in the first alternative set out in the statute. It seems clear that such a finding would be to the exclusion of the other alternatives.

We therefore hold that the trial judge acted within the purview of the statute in making his finding of guilty, and that there is no error in his judgment in the failure to comment further upon the mental condition of the appellant.

Appellant further argues that he will be deprived of his right to "further evaluation and treatment" if the judge does not specifically spell out whether he is or is not mentally ill. We do not follow this argument.

The appellant has been sentenced to the custody of the Department of Correction and we cannot assume that they will not act competently in evaluating his condition and dealing with him accordingly.

The trial court is in all things affirmed.

All Justices concur.